FIRST NAT. BANK & TRUST CO. *v.* LANDAU.

(Division B. No. 21, 1938.)

[184 So. 618. No. 33397.]

Brunini & Hirsch, of Vicksburg, for appellant.

Dent, Robinson & Ward, of Vicksburg, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from the chancery court on the question of whether or not the statute of limitations, section 2295, Code of 1930, bars a claim probated against the estate of Esther Sinai, who was legally declared non compos mentis by a jury in Warren county, Mississippi, and the First National Bank & Trust Company of Vicksburg, Mississippi, qualified as the legal guardian of her

estate on October 7th, 1930. The first publication of notice was made in a newspaper in Vicksburg in its issue of October 29th, 1930, and three subsequent publications were made, one each week for three consecutive weeks, in the same paper. Among others, Edith M. Landau probated an account for $537.15, this account being probated within the six months period allowed for the probation of claims from the date of the first publication of the above notice. The case was tried on an agreed statement of facts, in which this fact was admitted, and it was also admitted that the chancery court of Warren county had jurisdiction over the estate of Esther Sinai at the time of appointment of the bank as guardian. It is also admitted that the probation of accounts of several creditors named in the agreed statement of facts, was for the amounts then owing, and that the said probation of their claims was in proper form; but that no suits for payment thereof had been filed, the only question submitted to the court for decision being whether or not the claims are barred by the statute of limitations. The agreement was dated Jan. 11th, 1938.

The chancellor held that the claim was not barred, and authorized the guardian to pay the claims specified in the agreed statement of facts; from which decree the bank appealed here. The bank was willing to pay if it was authorized to do so, but desired to have the question of whether or not the claims were barred adjudicated for its protection.

Section 1902, Code of 1930, provides: "The guardian of a person of unsound mind, convict of felony, habitual drunkard, habitual user of cocaine, or morphine or opium, shall make a true and perfect inventory of the estate and return the same, and account with the court as often and in the same manner as executors and administrators; and in the same manner shall give bond with sureties, and take the oath to discharge the duties; and the court shall have the same power and control over such guardians as it has over executors and ad-

ministrators; and the guardian shall also be liable, on his bond, in the same way, and the court shall have the same power over the estate of such wards as it has over the estates of decedents, and all the provisions of law on the subject of executors and administrators, relating to inventories, appraisements, settlements or disposition of property, notice to creditors, registration of claims, accounts, proceedings to insolvency and distribution of assets of insolvent estates, shall, as far as applicable, and not otherwise provided, be observed and enforced in all such guardianships. But the court may order the sale or lease of the ward's lands under the same conditions and in the same manner as is provided for the sale of the lands of a minor.''

It will be noted from the provision in the above statute that ''all the provisions of law on the subject of executors and administrators, relating to inventories, appraisements, settlements or disposition of property, notice to creditors, registration of claims, accounts, proceedings to insolvency and distribution of assets of insolvent estates, shall, as far as applicable, and not otherwise provided, be observed and enforced in all such guardianships.'' The language is broad enough to include the limitation of time within which an action must be brought under the above statute.

In our opinion it was intended that the same rule would apply to guardianships as to executors and administrators, and that the statute of limitations, section 2295, Code of 1930, providing that, ''An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator,'' applies to claims against guardians for liability of their wards as well.

It is said in the argument that the statute is in derogation of the common law, and must be strictly construed; and that as guardians are not named therein

the statute cannot apply to them, because there was no limitation of right of action at the common law. Statutes of limitation are for the security of society, designed to require that parties having causes of action shall pursue them within such time as may be deemed reasonable, to the end that such matters may be heard and decided while reliable evidence is procurable, rather than to have the uncertainty resulting from long delay, during which there may be failure of memory on the part of witnesses, or loss of papers and documents through accidents, etc. Such statutes are therefore remedial in their nature, rather than otherwise, and remedial statutes are to be construed liberally; but whether. liberally or strictly construed, statutes are to be given fair interpretation; and it is evident that the legislature had in mind, without duplicating the statute in regard to executors and administrators, to make such statutes applicable also to guardianships, or to actions against guardians. Statutes are to be construed together, their meaning to be determined from all statutes in pari materia; and we think the provisions of sections 1902 and 2295, construed together, mean that actions against guardians must be brought within a period of four years after the qualification of the guardian, allowing an additional six months within which suit may not be instituted against executors and administrators. It is certainly important as to persons non compos mentis, and incapable of looking after their own interests, that claims against them shall be presented while all the evidence is procurable, and the truth may be determined by the court and guardian.

It is agreed that no proceedings were instituted within the statutory period of limitation,—consequently there is no right of action.

We are of the opinion that the court below erred in the construction of this statute. The judgment is therefore reversed, and judgment rendered here barring the claim.

Reversed and rendered.